## SUPREME COURT.

### In the Matter of WILLIAM TRIMBLE.

*Criminal law — Disorderly persons — Extent of the power of the recorder of the city of Cohoes to punish — Chapter 456 of the Laws of 1880, amending chapter 440 of the Laws of 1876.*

The prisoner was convicted "with having, on the 17th day of April, 1881, at the city of Cohoes, in said" (Albany) "county, together with Edward Freely, been guilty of noisy, loud and tumultuous conduct, to the disturbance of the public peace and quiet and of the people, and of having used loud, abusive, vulgar and quarrelsome language, and was fighting and quarreling to the like disturbance of the public peace and of the people," and upon such conviction was sentenced to an imprisonment of 359 days:

*Held*, that by chapter 456 of the Laws of 1880, amending chapter 440 of the Laws of 1876, the recorder of the city of Cohoes had the power to condemn the prisoner to the terms of imprisonment to which he was sentenced.

The punishment of the offense of which the prisoner was convicted is not specially prescribed by the general law of the state. It is one against the public peace not amounting to a felony, and is, therefore, a misdemeanor at common law and by the Revised Statutes, and as no special punishment is provided, is punishable by imprisonment in a county jail not exceeding one year, or by fine not exceeding $250, or by both such fine and imprisonment (*See also Matter of Bayard*, 61 *How.*, 294, *and Matter of Owen Coughlin, ante*, 34).

*Ulster Special Term, August*, 1881.

APPLICATION by *habeas corpus* to relieve Trimble from imprisonment in the Albany penitentiary.

*J. B. O'Malley*, for prisoner.

*J. H. Delehanty*, assistant district-attorney, for people.

WESTBROOK, *J.*— The prisoner, William Trimble, was committed on the 23d day of April, 1881, to the Albany penitentiary for the period of 359 days by the recorder of the city of Cohoes.

The warden of that institution, by return to the writ of *habeas corpus*, which has been issued in behalf of the prisoner, submits to the court the warrant under which the latter is held. From such warrant it appears that on said 23d day of April, 1881, the party imprisoned was convicted " with having on the 17th day of April, 1881, at the city of Cohoes in said " (Albany) " county, together with Edward Freely, been guilty of noisy, loud and tumultuous conduct, to the disturbance of the public peace and quiet and of the people, and of having used loud, abusive, vulgar and quarrelsome language, and was fighting and quarreling to the like disturbance of the public peace and of the people," and upon such conviction was sentenced to an imprisonment for the term before mentioned, 359 days.

The first question which the case presents is, had the recorder of the city of Cohoes power to condemn the prisoner to so long a term of imprisonment ?

By section 1 of chapter 456 of the laws of 1880, which amends the charter of the city of Cohoes, the recorder of such city is clothed with " authority and jurisdiction in the first instance to hear, try, and determine charges for crimes or offenses in the cases enumerated in section 1, article 1, title 3, chapter 2 of the fourth part of the Revised Statutes, and also all complaints and charges against any person for the commission of any of the acts and offenses designated in the first section of title 5, chapter 20, of the first part of the Revised Statutes, and the acts amendatory thereof, and also all offenses triable by courts of special sessions in towns and in cities of this state, and also the following charges (which are hereby declared to be offenses, and the persons committing the same disorderly persons), to wit: "Indecent exposure of the person; *disturbing the public peace, or tending to disturb them or it by using loud and tumultuous conduct; either loud, vulgar, insulting, abusive or threatening language or behavior, or fighting or quarreling to the disturbance of the people, or the public peace and quiet,*" &c., &c.

Matter of Trimble.

By the same section, when any person charged with an offense of which the recorder is given jurisdiction is convicted thereof before him, the recorder has "power to punish by a fine not exceeding $250, or by imprisonment in the Albany penitentiary at hard labor for a term not exceeding one year, or by both such fine and imprisonment."

The recent case of *Isadore Bayard* (61 *How.*, 294), did not present the question which this one involves.  Bayard had been convicted of the crime of petit larceny, and upon such conviction was condemned to an imprisonment for the period of nine months.  As the general law of the state had defined the crime of petit larceny, and had fixed the maximum of imprisonment on conviction thereof at six months, it was held that so far as the act of 1880 undertook to give to the recorder of the city of Cohoes greater power of punishment than was conferred by the general law, it was unconstitutional and void (*See also Matter of Owen Coughlin, ante, 34, in which the Bayard case is reviewed, and its conclusions sustained by reference to section 1 of article 14 of the constitution of the United States*).  The punishment, however, of the offense of which William Trimble is convicted, is not specially prescribed by the general law of the state.  It is one against the public peace not amounting to a felony, and is, therefore, a misdemeanor at common law (*Barbour's Criminal Law*, 222), and by the Revised Statutes (3 *R. S.* [*6th ed.*], 983, *sec.* 103), and as no special punishment is prescribed, punishable by imprisonment in a county jail not exceeding one year, or by fine not exceeding $250, or by both such fine and imprisonment.

If the act of 1880 (so much of which as is applicable to the case under consideration has been given) has been borne in mind, it will be remembered that the recorder of the city of Cohoes is specially clothed with power to try the offense of which the prisoner has been convicted, and the power of punishment conferred therefor is precisely in accordance with the general law.  I therefore fully agree with the recorder (GOULD) of the city of Albany, before whom this prisoner

has been brought in a similar proceeding to the present, that the sentence of such prisoner was within the power of the recorder of the city of Cohoes.

The second question which this application presents is, has a record of the conviction of the prisoner been filed as the law requires?

· That a record of conviction must have been filed, if the prisoner is to be detained, is conceded, and the necessity of such filing not only has been decided, but its requisites as to form have also been passed upon by myself (*Matter of Travis*, 55 *How.*, 347). It is claimed, however, in behalf of the people that the record in this case has been filed, though a search of the county clerk's office of the county of Albany has failed to discover it.

It is difficult, upon the *ex parte* affidavits which have been presented, to determine whether such commitment has or has not been filed as the law requires. Instead, therefore, of finally disposing of the present application upon the evidence presented, I have concluded to hear the testimony orally which either party may choose to submit upon that point, and for that purpose will, after consultation with counsel, name a day for such hearing either before a referee or before myself. In the meantime, and until a final decision, the prisoner will remain in custody.

The decision of recorder GOULD upon the previous application is no bar to the present (*People ex rel. Laurence agt- Brady*, 56 *N. Y.*, 182, 191, 192). Whilst, however, this is conceded as a legal proposition, a new application presenting the identical questions previously decided by a competent court or officer should not be encouraged, but parties should, as a rule, be remitted to their remedy of review in an appellate court. In the present case, the recorder of the city of Albany, who heard a previous proceeding of a like character to the present by the prisoner, reached the conclusion that the record of conviction had been filed. This was, however, some time since, and a further inquiry may develop additional testimony upon

that point. For this reason the parties will be given another opportunity to present their evidence. I cannot, however, avoid the conclusion that it would save much trouble if the recorder would file his convictions, as the law directs, in the county clerk's office. Their deposit in a certain pigeon hole in the Cohoes station-house, with the expectation that an employe of the county clerk's office will take them thence and properly file them, is scarcely what the law demands, when a duty is devolved upon him to "cause such certificate to be filed in the office of the clerk of the county in which such conviction shall be had." Undoubtedly, what has been done was with the best intentions, and might ordinarily secure the desired result by the filing of the record. Sometimes, however, and this case illustrates the danger, the document will be missing, and a compliance with the law thus made difficult to prove.